*F. Bangs*, for appellee.

———•●•———

## WHITMORE *et al. v.* BOWMAN.

In an action for damages to personal property, the articles should be so specified as to inform the defendant of the extent of the action, and proof to be adduced against him ; and hence when the petition claimed for damages to "furniture, &c.," it was error to admit proof for injuries done to coffee, sugar and apples.

A witness should be required to state facts, and not his opinion, except on questions of science, skill or trade, in relation to which he is an expert.

Upon questions, wherein the jurors are as well qualified to form an opinion as the witness, the opinion of the latter should not be received in evidence.

As a general rule, witnesses are to state such facts as are relevant to the issue, and from those facts the jury are to draw their own conclusions.

A public ferryman is regarded at law as a common carrier, and is bound to provide suitable boats, landings, fastenings and fixtures.

### *Appeal from Jackson District Court.*

*Opinion by* GREENE, J.   This action was commenced by Jacob Bowman against Whitmore and Grant, for the loss of a horse, and damage to harness, furniture, &c., at the defendants' ferry, under the charge of gross negligence in the management of their ferry boat.   The answer denies

negligence, and alleges the loss to have been occasioned by the carelessness and negligence of plaintiff's son, who had the horse and wagon in charge. Issue joined upon the facts; trial by jury, and a verdict and judgment for the plaintiff.

1. On the trial, evidence was admitted in relation to articles having been lost and destroyed, which were not specified in the petition. To this evidence defendants objected, on the ground that a recovery could be had only for such articles as the petition designated. We think this objection should have been respected by the court. Such articles as coffee, sugar and apples, are not sufficiently designated under the term, "furniture, &c."

In an action for damages to personal property, the articles should be so specified that the defendant may be informed as to the extent of the action and proof to be adduced against him. 2 Greenl. Ev., §§ 255, 256 278; Bacon's Ab., 507; *Holmes* v. *Hodgson*, 17 Eng. C. L., 109.

But it is claimed that the variance between the petition and evidence was not material, because the defense set up charged the loss to have been occasioned by the negligence of plaintiff's son or agent. True, by not denying the loss, and seeking to avoid damages; by charging the loss to have been the result of plaintiff's own negligence, he admitted there was a loss, as set out in the petition. But he did not confess a loss of articles that were not described in the petition. He admitted the loss of "a horse, furniture, &c.," but did not admit a loss of coffee, sugar and apples. Nor can the meaningless letters, "&c.," be extorted into a designation of those commodities.

2. It is objected that the court erred in permitting plaintiff's witnesses to give, in evidence, their opinions as to the amount and value of the damages done to the goods. This objection is not without foundation. As a general rule, witnesses should state facts, and not opinions. They should give, in evidence, what they have seen and know in relation to the issue pending, and from those facts

the jury will form an opinion. To this rule, however, there are many exceptions. These exceptions are applicable mostly to questions of science, skill or trade, and to persons who are expert in relation to those questions. But in no case should a witness be permitted to express an opinion as evidence, where the jury ,to whom the facts are submitted, are supposed to be equally well qualified to form an opinion. Unless this practice should .prevail, it must follow that witnesses, subject often to strong feelings of prejudice or partiality, may dictate a verdict to the jury.

In support of this general rule, and the exceptions, many authorities might be cited.  16 Ohio, 513 ; 7 Wend., 78; 17 ib., 160 ; 19 ib., 576; 10 Ala., 460, 469; 3 New Hamp., 349, 364, 366 ; 1 Greenl. Ev., § 440; 5 Phil. Ev., 112, note 173 ; 1 G. Greene, 170.

These authorities clearly indicate that the legal course to be pursued in such cases, is to lay before the jury such facts as are relevant to the issue, and from these facts let the jury draw their own conclusions.

3. The court charged the jury that the defendants, with their ferry, were regarded at law as common carriers, and bound to  provide suitable boats, fastenings, landings and fixtures, of all kinds, for the safe transport of persons and teams.   This instruction is assigned as error, and it is urged that ferrymen are not bound to observe the same diligence, and are not responsible for the same ordinary negligence, as would attach to a common carrier ; for the reason that the owner, or his agent, usually accompanies the goods, and becomes himself responsible for the care of them. The doctrine seems to be well settled, that ferrymen are to be regarded as common carriers, and are responsible for the same degree of care and diligence in the performance of their undertakings.   It would seem to be bad policy to relax this rule.   If negligence and irresponbility should be countenanced in the management of fer-

ries, there would be much less security for life as well as property.

The authorities appear to be, without conflict, that a public ferryman should be regarded at law as a common carrier. *Babcock* v. *Herbert*, 3 Ala., 392; *Ferry Co.* v. *Clark*, Riley, 300; *Smith* v. *Seward*, 3 Barr., 342.

In *Cohen* v. *Hume*, 1 McCord, 439, it is decided that as soon as a carriage is fairly on the drop or slip of a flat, it is in the ferryman's possession, and he is liable for any damage that happens to it or to the horses, although they were driven by the owner's servant.

It was held in *Pomeroy* v. *Donaldson*, 5 Miss., 36, that a ferryman is a common carrier, and liable not only for gross negligence, but for all losses, except such as are occasioned by the act of God, or the enemies of the country.

Even the owner of a private ferry, when no public road has been established, may so use his ferry as to subject himself to the liability of a common carrier, if he undertakes, for hire, to convey persons generally, with their teams and goods, across the river. *Littlejohn* v. *Jones*, 2 McMullan, 365.

We conclude, then, that the court charged correctly upon this point; but a trial *de novo* must be awarded upon the other two points.

Judgment reversed.

*Platt Smith*, for appellant.

*J. W. Jenkins* and *Van H. Higgins*, for appellee.