MITCHELL v. ALLISON.

29   43
149  406

EVIDENCE.—DAMAGES.—It is not competent to ask a witness what damages resulted from the omission of a party to do an act he had contracted to do. The witness should state the facts, from which the court or jury may determine the damages under the legal rules governing the case.

INSTRUCTIONS.—The Supreme Court, in reviewing the instructions given by the court below to the jury, will look at all the instructions upon the same subject, and if the instructions taken together present the law correctly, the judgment will not be reversed, though a single instruction, standing alone, might seem to be incorrect.

APPEAL from the *Warren* Common Pleas.

GREGORY, J.—*Allison* sued *Mitchell* on a note and an account. The complaint is in two paragraphs, the first on the note, and the second on the account. The defendant answered in four paragraphs. The plaintiff replied in three. The pleadings on the part of the plaintiff aver, that in *June,* 1866, *Allison* sold *Mitchell* a farm, partly timber and partly prairie land, for $10,700; that the former executed his title bond to the latter for a deed upon full payment of the purchase money; that *Mitchell* executed his notes for a part thereof and secured them by a mortgage on the premises; that among the notes there was one for $5,751 58, due *October* 1st, 1866; that *Allison* was indebted to various parties, and that *Mitchell* paid these debts and obtained credit therefor, on the note for the last named sum; that on the date of the note in suit, *Mitchell* and *Allison* had a settlement, at which time all that the former had paid out for the latter was credited on the note of $5,751 58; that, upon calculation, a balance of some $1,100 was found due to *Allison;* that *Mitchell* then made a payment of some $300, and retained some $126 to pay taxes, and executed the note in suit for the balance due from him to *Allison;* that since the giving of the note, *Mitchell* became, and was, indebted to *Allison* in the sum of $186 50 for hay, &c., sold and delivered by the latter to the former. The pleadings on the part of the defendant admit the note and the account sued

on, but aver payment of the account, a set-off of some $1,800, a failure of consideration as to the note, and fraud in the sale of the timber land, in false representation as to the timber thereon, and the number of rails then split and in the woods.

The answer was in confession and avoidance. The plaintiff replied by the general denial and two special replications, averring that an item of some $644, in the set-off, had been included in the settlement when the note in suit was given, and that the defendant well knew all the facts as to the timber land when he purchased it.

On the trial, the principal matters in dispute were the item of $644, called the *George W. Johnson* claim, and the alleged false representations. There was a jury trial, which resulted in a verdict for the plaintiff. The defendant moved for a new trial, which was overruled, and final judgment rendered. There are a number of questions argued by appellant's counsel. The questions presented by the record grow out of the refusal of the court to grant a new trial. There was evidence tending to show that *Allison* had contracted with *Mitchell* to cut and put up some hay and gather some corn. On the trial, while the defendant was testifying as a witness, he was asked this question: "State what the damage was to you by reason of *Allison* not cutting and putting up the hay in proper order, and also what you was damaged by reason of *Allison* not gathering and securing the corn properly." The court below, on the objection of the plaintiff, refused to allow the question to be answered. We think in this the court was right. It was for the jury to determine the amount of the damages from the facts, uninfluenced by the opinion of witnesses. The damages resulting from the non-performance of a contract is not a matter for experts, but it is a question for the jury, under the instructions of the court. The damage resulting from the non-performance of a contract to cut and put up hay, and to gather corn, was a matter about which the jury were as well qualified to form an opinion after

hearing the facts as the witness. The rule is well stated in *Whitmore* v. *Bowman,* 4 Greene 148.

The court charged the jury, on the request of the plaintiff, as follows: "The note sued on is dated *October* 17, 1866, and the presumption is that it was executed that day, and it is *prima facie* evidence of a settlement of all matters of account, between the parties, up to that date. All matters of set-off, therefore, which may have been given in evidence before you, which arose previous to the date of the note, are presumed to have been settled between the parties, and the note executed for the balance found due on settlement. If, therefore, the defendant paid, at the instance of the plaintiff, the *Dickson.* and *Johnson* claims previous to the execution of the note sued on, you must presume that they were settled for at the time of the execution of the note sued on, and the note sued on given for a balance due after such settlement, unless the contrary is proven by a preponderance of the evidence." This instruction was excepted to by the defendant.

At the instance of the defendant, the court charged the jury as follows: "If the jury believe, from the evidence, that the claim of *George W. Johnson* was paid by defendant for plaintiff, and if they believe that it was not credited on the five thousand dollar note, nor paid otherwise, then it is a proper set-off to the note sued on."

It is the duty of this court, in passing upon the charges to the jury by the court below, to look at all the instructions given on the same subject. We think, taking the instructions together, that the jury were correctly charged.

The court, at the request of the plaintiff, charged the jury as follows: "In this cause the defendant has the burden of the issues, and unless he has established the issues in his favor, by a preponderance of evidence, you will find for the plaintiff." This instruction, unexplained, would perhaps have been erroneous, but at the instance of the defendant the jury were properly charged as to each defense on which there was any evidence given. We think the jury could

not, under the instructions given, have been misled, by the inaccuracy in this instruction, in using the plural, "issues," where the singular, "an issue," ought to have been used.

It is claimed that the verdict is against the instructions of the court, in this, that they did not find in accordance with the preponderance of the evidence as to the *Johnson* claim. The jury were the sole judges of the preponderance of the evidence. We have examined the testimony, and are entirely satisfied that substantial justice was done by the jury. The court below committed no error in overruling the motion for a new trial.

The judgment is affirmed, with costs, and four per cent. damages.

*B. F. Gregory* and *J. Harper*, for appellant.

*L. T. Miller*, for appellee.