## UNITED STATES v. GEORGE A. FULLER CO., Inc.

(District Court, D. Kansas, First Division.   May 23, 1924.)

### No. 2485.

1. **Pleading** ⟐367(6)—**Duty of court in preliminary matters In joining of issues to determine if plaintiff may proceed and make out case.**

   Where plaintiff has a certain theory of measure of damages on which it desires to proceed, or proceed not at all, it is the court's duty, in settlement of preliminary matters in joining of issues, to determine and state if plaintiff may so proceed, and by so proceeding make out a case for jury.

2. **Negligence** ⟐119(7)—**Must be pleaded and proved.**

   Negligence or wrongdoing is never presumed, but must be pleaded, and established by evidence as pleaded.

3. **United States** ⟐75—**Recovery of general damages may not be had on showing of few specific acts of contractor's neglect.**

   Government may not, in action against a contractor on cost plus basis, plead a few specific acts of negligence and wrongful acts, and then by opinion of experts show, as total damage claimed, difference between what work should have cost and what it did cost.

4. **Evidence** ⟐506—**Experts cannot testify as to damage from negligence and wrongful acts, and usurp province of jury.**

   Where government sues contractor on cost plus basis for negligence and wrongful acts, specifying only a few of such acts, it will not be per-

⟐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

mitted to have general damage alleged, difference between cost of construction paid by government and reasonable cost of construction under existing circumstances, shown by opinion of experts, who would thus usurp province of jury and declare what damages in a given case are in a lump or gross sum.

At Law. Action by the United States against the George A. Fuller Company, Inc. On motions to strike and make definite and certain. Rulings withheld until request be made.

See, also, 296 Fed. 178.

Al. F. Williams, U. S. Atty., of Topeka, Kan., and Roscoe C. McCulloch, William T. Chantland, and Ralph E. Moody, Sp. Asst. Attys. Gen., for the United States.

Weymouth Kirkland and Robert N. Golding, both of Chicago, Ill., and John S. Dean, of Topeka, Kan., for defendant.

POLLOCK, District Judge. This action at law arises out of the building of the cantonment in this state known as Camp Funston. The government entered into what is termed a cost plus contract with defendant for the doing of the construction work of this cantonment. This contract is in writing, attached to and forming part of the plaintiff's cause of action. The theory of damages on which the plaintiff in its amended petition relies is this:

That in certain respects defendant was guilty of waste, wrongs, and negligence. These examples of alleged negligence and wrongdoing, pleaded in quite general language, are not counted upon by plaintiff for the purpose of showing what specific or special damage thereby accrued to the plaintiff as a result of the same, but, on the contrary, any such purpose in the pleader is expressly denied, as will be seen by the following excerpts from the amended pleading:

"That the said course of fraudulent, reckless, wanton, wasteful, and negligent conduct was persisted in and adhered to by the defendant in the respects mentioned throughout its operations under said contract; that, because said course of conduct was unknown to the plaintiff at the time, and because the plaintiff has been unable, after diligent and persistent effort, to secure fuller or more detailed information, it is impossible for the plaintiff at this time to state in greater detail the said course of conduct; that the whole of said course of conduct and all the said losses and damages resulting therefrom have been at all times and still are peculiarly within the knowledge of the defendant, and that defendant at all times has had and still has definite and detailed knowledge of all the facts and circumstances connected therewith; and that throughout its operations under said contract the defendant, fully knowing its said course of conduct, and fully acquainted with the said losses and damages occasioned thereby, persisted therein and neglected and failed to correct or change its said course of conduct.

"Plaintiff avers that all such negligent, wasteful, inefficient, wrongful, and fraudulent acts and course of conduct of defendant, as hereinbefore set out, were without the knowledge or the consent of the plaintiff, and plaintiff is advised, believes, and alleges that they were without the consent of the contracting officer, or any officer of the plaintiff on the project authorized to act in the premises for the plaintiff, or whose duty it was to protect the interests of the plaintiff; and plaintiff further avers that no one was or could so act for plaintiff as to authorize, condone, accept, or pay for any materials which were not necessary, or any materials which were unnecessarily wasted, or any claims made for labor which was not in good faith performed, or for

the excess in such claims when made at a different and higher rate than that which should have been paid for the work actually performed.

"Plaintiff avers that all the matters and acts of negligent and fraudulent misconduct of defendant, as in this petition alleged, contributed to make the total excessive cost of the project; that no record was kept by defendant, or by plaintiff (and no duty was on plaintiff so to do), that can or will show the effect of and damage to plaintiff from any of such items, or of any particular character of such misconduct, for the reason that same consisted of a course of continuous conduct, made up of continuously recurrent and innumerable acts, which occurred as aforestated throughout the entire area of that large project, which was several square miles in extent, and which persisted throughout substantially all of the period of engagement by defendant on said work, and for the reason that each of such acts and factors and matters of conduct were so intermingled with and so acted upon other acts, factors, items, and character of misconduct as either generally or specifically hereinbefore alleged, that it is impossible (except in so far as hereinbefore set out) even approximately to state how much any one of said matters amounted to or added to the excessive cost of said project. But plaintiff avers that each and all of them contributed with the others unduly to enhance the cost of said project, so that all of them, both those averred generally and those averred specifically, each contributing in an unknown amount, caused the total cost, in which first and finally appears and is reflected the aggregate effect and result of all of said factors, items, and course of misconduct, to be $3,000,000 in excess of what it should reasonably and fairly have been, if the defendant had faithfully and honestly performed its duties and obligations.

"The plaintiff avers that all of the acts herein complained of were done with the connivance, knowledge, consent, and by procurement of the defendant, and that they were so done, among other reasons, for the fraudulent purpose of causing excessive cost to plaintiff, and of securing from the plaintiff a maximum rather than a fair and reasonable sum in compensation for its services; that defendant knowingly, willfully, and fraudulently misrepresented facts to the plaintiff, and concealed true facts from the plaintiff, in the manner and respects as hereinbefore averred, and thereby procured and aided in procuring to be paid by the plaintiff to defendant and others excessive sums of money to itself and others, that were known to the defendant to be a fraud upon the plaintiff, as reimbursements, for expenditures made and materials wasted and destroyed, which were not necessary in said work, to plaintiff's damage as alleged.

"That by reason of the premises hereinbefore set forth, and the facts alleged, and the fraud and deceit thus practiced by defendant upon and against the plaintiff, the cost to plaintiff of the construction of said cantonment was three million dollars ($3,000,000) in excess of the fair and reasonable cost thereof, under the conditions and circumstances then existing, and the plaintiff has been damaged thereby by defendant in said amount, no part of which had been paid to the plaintiff by the defendant, or by any one for defendant. The damages stated under the separate items are not in addition to the total damages above averred, and no additional claim for damages is made on account of any of said items, but they are all included in and are parts of the said total damages herein averred."

It is the theory of the pleader in this amended petition to plead the special facts in a few instances for the purpose of showing the same by evidence as a general practice or continuous course of conduct on the part of the defendant, while working under the contract in the attempt to perform it and complete the construction of the camp. Thus having shown or attempted to show the examples of alleged negligence pleaded as specimens or samples of defendant's continuous course of conduct to ask the jury for a verdict of general damages measured by the actual cost of the building of the cantonment to the government in this case

and the fair and reasonable cost of constructing the same had defendant company been at all times, and in all things, whether pleaded or proven or not, diligent, and not wasteful or negligent. That this is the undoubted theory of the plaintiff on which it bases a right of recovery is clearly shown by the measure and manner of alleging damages found in the pleading as above quoted. Also counsel for the government have in oral argument stated it is this theory of the measure of damages on which the government desires to proceed with the trial of this case or to not proceed to trial at all.

[1] This matter thus arising in this manner, in the economy of time and the saving of expense to parties litigant, I conceive it to be the duty of the court in the settlement of the preliminary matters in the joining of issues to determine and state if plaintiff may so proceed in the trial of this action, and by so proceeding make out a case which should go to the jury for its judgment as to the just and true measure of damages plaintiff should recover from defendant. See Wood v. Chicago, S. F. & C. R. Co. (C. C.) 39 Fed. 52. While it is undoubtedly true there may be sufficient pleaded in this case if established by the evidence to entitle plaintiff to nominal damages as for breach of its contract by defendant, yet, as plaintiff expressly disclaims any right to recover for specific or special damages, but, on the contrary, seeks the recovery of a very large sum by way of general damages, the question is: Can general damages be pleaded and recovered in the manner herein laid?

[2, 3] Now it is quite clear the recovery sought as here pleaded is a difference between what the work of construction of the cantonment cost, and what it is alleged the construction of the cantonment should have reasonably cost, the government under all the facts and circumstances and conditions under which the work was done. Now, if the petition charged the defendant with neglect of its contractual duties, as such duties are imposed by the terms of the contract, and the damages were laid in the complaint for the injury and loss thus accruing to plaintiff, by reason of neglect to perform such duties as the contract imposes upon defendant, the case would be perfectly clear and plain, and the pertinent evidence to prove or disprove such an issue would be clear and easy to discern; but this action arises on a written contract. This contract fixes and determines the rights, liabilities, and duties of the parties when properly construed in the light of the principles of the law governing its making, operation, and performance.

But, as has been seen, such is not the theory of this case. The theory on which the plaintiff has brought and insists on going to trial in this case, in my opinion, is fundamentally unsound and for this reason. Negligence or wrongdoing is never presumed, but must be pleaded and established by the evidence as pleaded. While this proposition is a truism in the law of negligence, and all cases where the recovery sought is for alleged wrongdoing by defendant to plaintiff's hurt, and while the rule as stated is doubted by none, yet, if so, they may see United States v. Shrewsbury, 23 Wall. (90 U. S.) 508, 23 L. Ed. 78, and Demarest v. Winchester Repeating Arms Co. (D. C.) 257 Fed. 162. Hence it becomes impossible in this action to establish the acts and conduct on the part of defendant, whether pleaded or not, in carrying out the

contract, were wrongful and negligent, because it can allege and prove a few instances are of such character. D., L. & W. R. Co. v. Converse, 139 U. S. 469, 11 Sup. Ct. 569, 35 L. Ed. 213; Baker v. Irish, 172 Pa. 528, 33 Atl. 558; Maguire v. Middlesex Co., 115 Mass. 239; Craver v. Hornbury, 26 Kan. 94.

The effort of plaintiff in this case is not to plead and prove the damages which it suffered, if any, are the direct and proximate result of the fault, negligence, or wrongdoing on the part of defendant; but the effort is to prove the damages to plaintiff are a specific sum, by pleading and attempting to prove a few instances of wrongdoing on the part of defendant, and then by the opinion of experts to show the total damage claimed by plaintiff, and then without any pleading of issuable facts; and without a syllable of evidence to establish the facts not pleaded, to call upon the jury to presume all other acts not pleaded and not proven must have been wrongful and negligent because only on that theory could the loss to plaintiff have been in the sum stated. But to so employ a demand for damages—that is, as evidence of wrongdoing on the part of defendant—is, in my judgment, opposed to all right principles of pleading, practice, or procedure in our courts of justice in this country; the right practice being in such cases, to presume nothing against an alleged wrongdoer, but to let the presumption which obtains in the law of right conduct run in favor of the alleged wrongdoer, unless and until he who charges wrongdoing by pleading and proof establish the truth of the allegations, and then to measure the extent of the hurt or damages to plaintiff done by defendant by what the alleged and proven wrongful acts worked upon the rights of plaintiff. This rule I regard as too well established in the law as to require the citation of no authorities in its support. The citation on such an elementary proposition would evince want of confidence in the self-evident things of this world.

If plaintiff should be permitted to proceed to recovery on the theory here presented, of necessity it would be to permit a recovery in a large part for negligence and wrongful acts done by defendant in violation of plaintiff's rights under the contract, which acts are neither charged in the complaint nor adverted to in the evidence, hence resting on no other or firmer or more substantial foundation than mere suspicion, conjecture, or presumption entertained by the jury. This method of procedure should be nowhere tolerated or indulged by courts of justice, and cannot be permitted in this case.

[4] As the damages laid in this amended pleading is the alleged difference between the actual cost of construction paid by the government and what the fair and reasonable cost of construction under existing circumstances should have been, and as this is to be determined by the judgment and opinion of experts and specialists in construction work, it is plain on this question expert evidence cannot be received within the well-settled principles of the law, for it is established witnesses, expert or otherwise, may not usurp the province of the jury, and declare what the damages in a given case are in a lump or gross sum. Linn v. Sigsbee, 67 Ill. 75; New York Electric Equipment Co. v. Blair, 79 Fed. 896, 25 C. C. A. 216 (2 C. C. A.); Moran v. Standard Oil Co., 211 N. Y.

187, 105 N. E. 217; Hagestrom v. Sweeny, 60 Or. 433, 119 Pac. 725; Gulf, C. & S. F. Ry. Co. v. White (Tex. Civ. App.) 32 S. W. 322; Taylor v. Long (Tex. Sup.) 16 S. W. 1084; C. H. Dean Co. v. Standifer, 37 Tex. Civ. App. 181, 83 S. W. 230; Howell v. Medler, 41 Mich. 641, 2 N. W. 911; Tootle v. Kent, 12 Okl. 674, 73 Pac. 310; Axtell v. Northern Pacific Ry. Co., 9 Idaho, 392, 74 Pac. 1075; Mitchell v. Allison, 29 Ind. 43; Bissell v. Wert, 35 Ind. 54; Norman v. Wells, 17 Wend. (N. Y.) 136.

As witnesses may not so testify, basing their judgment or opinion on the facts in evidence, much less could experts so do in this case, basing their opinions, not upon the facts of this case, but upon their experience and knowledge of construction work. For this reason it will be impossible for the court to adopt the theory of the plaintiff as to the proper measure of damages or correct legal method of determining same as by plaintiff pleaded in this amended petition. As was stated by counsel for the plaintiff in argument, on the motions leveled against the amended petition, it was desired this question of the theory on which the plaintiff was proceeding, as shown by the amended petition, and the rule of damages it there contends for, should be first determined, and, if not upheld, plaintiff did not desire to proceed further; and as in these respects the petition must be amended, the motions to strike and make definite and certain will not be ruled until requested by the parties.

It is so ordered.