Creighton *v.* Bloom, Appellant.

Argued November 22, 1932.

Before
TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ. ▉▉▉▉▉▉

*Wm. J. MacCarter, Jr.,* and with him *Clement J. McGovern,* for appellant, cited: Frysinger v. P. R. T. Co., 249 Pa. 555; McCaffrey v. Schwartz, 285 Pa. 561; Zimmerman v. Weinroth, 272 Pa. 537.

*James A. Cochrane,* for appellee, cited: Bunting v. Hogsett, 139 Pa. 363; Boyle v. Leech, 289 Pa. 190; Dorris v. Bridgman & Co., 296 Pa. 198.

OPINION BY TREXLER, P. J., March 3, 1933:

In trespass. The testimony produced by the plaintiff was that on July 3, 1929, plaintiff and his son were painting an awning which extended over the sidewalk of Third Street in the Borough of Trainer. Plaintiff was mounted upon a scaffolding which consisted of a plank resting upon two ladders, and extended from the wall of the house out toward the curb. A truck driven by defendant's chauffeur drove up to the place where the scaffolding was erected and a rope dangling from the side of the truck wrapped itself around the side bar of the ladder near the curb and caused the support to collapse, and the plaintiff to

fall to the ground, and to receive the injuries for which recovery is sought. The two ladders supporting the plank were each in the form of the letter A, one closed resting against the wall of the building, and the other open and standing on the sidewalk near the curb. The verdict was in favor of the plaintiff.

Three questions are presented by the appellant. One is: Is it physically possible for this injury to have happened as testified to for the plaintiff? The matter was submitted to the jury and the verdict settled the question. It was not for the court to decide it. The defendant tries to reason from the facts presented that it was impossible for the rope to have been swung out so as to twine itself around the ladder and cause the scaffolding to fall. We have the testimony of plaintiff's son that he saw the actual occurrence. He testified that a tarpaulin covered the truck, that there were ropes attached to it dangling from the side, that there were six or eight inches in the drop from the traveled highway or the paved highway into the mud gutter, the difference in the grade being accounted for by the dirt having been washed out of the gutter, that when the front wheel of the truck went into the gutter followed by the back wheel it gave the body of the truck a sway and the rope caught hold of the ladder, wrapped around it and caused the scaffolding to fall. Defendant argues that the length of the rope as shown by the testimony was such as it would not reach far enough to get around the ladder. There was testimony that the tarpaulin was swaying and with the abrupt dropping of the truck into the gutter it is not improbable that there could have been imparted to the rope a swing that would cause it to grasp the ladder. Where the testimony of an eye witness is positive as to the manner in which the accident occurred, and an attempt is made to overcome his testimony by showing that the narrative is inconsistent with the physical

facts, the proof as to the latter must be clear. It suffices to say that in this case the elements entering into the defendant's version of the story by which he seeks to show the impossibility of the occurrence are too indefinite to make it a matter of law for the court.

The next question is whether or not reasonable prudence on the part of the driver of the truck should have caused him to see and guard against such an occurrence. The testimony is to the effect that the driver did not know that the rope was dangling. One who drives a vehicle should know the conditions under which it is being driven especially when such conditions are open to ordinary observation. We cannot hold as a matter of law that where a tarpaulin with a rope attached is dangling from the side of a truck that there is no element of peril to others in such a situation, and that the probability of an accident is so remote as to preclude an imputation of negligence. This also was for the jury.

The last question is whether there was sufficient evidence to submit to the jury on the question of plaintiff's future impairment of earning power. The plaintiff proved that he was earning a dollar an hour at the time of the accident, he states that it takes him twice as long to do his work as before. His doctor found that he had power to function in the wrist of about 80 to 90 per cent. A broken bone in his wrist had as yet formed no union. Counsel for defendant has this to say in regard to the testimony: "The meagre testimony may indicate some future loss of earnings but certainly the jury is entitled under numerous authorities to some evidence of what the earnings of the plaintiff were in the past, so that they may apply them to the existing impairment of earning power." His objection is directed to the short time, only four or five days, before the accident during which his prior earning capacity was shown. This

testimony was received without objection. At no time was the question of its inadequacy raised. The point put to the court, after its charge, was an objection generally to the instructions as to earnings. The request of the court for suggestions from counsel was not acted on. Had counsel for defendant urged this matter at the trial the omission of further proof could undoubtedly have been supplied as the knowledge of past earnings certainly was within the knowledge of the plaintiff. The objection is evidently an afterthought. In Indian v. D. L. & W. R. R. Co., 262 Pa. 117, 104 A. 871; the Supreme Court stated: "The defendant has gone to trial and taken its chance of a verdict without objection to what it deemed a lack of evidence as to the question of the husband's age and expectancy, it has by so doing waived its right to now object. If it had objected at any proper time the wife and daughter might have testified to the age of the husband and father." So in the present case the testimony which the defendant now claims is lacking could have been readily supplied. We may add that in the present case plaintiff's age was given.

We may add in conclusion that the verdict of the jury shows that the jury allowed nothing for future earnings and that if any error was committed it did not harm the defendant. We quote from the opinion of the lower court: "The verdict, being for only seven hundred dollars, more than four hundred dollars of which were for actual loss of wages and for actual expenses, which left only three hundred dollars for a broken wrist bone which has not united, and for injuries to his back and neck and to the other wrist with consequent pain and suffering, shows that the jury allowed nothing for any loss of earning power. Baker v. Irish, 172 Pa. 528, (33 A. 558;) 300 Fed. 210. Kerns v. Ripka, 85 Pa. Superior Court Report, 97."

The judgment is affirmed.