**GRIFFITH-CONSUMERS CO. v. ROLLINGS.**

No. 3864.

Circuit Court of Appeals, Fourth Circuit.

Oct. 8, 1935.

Cornelius H. Doherty, of Clarendon, Va., for appellant.

Edgar W. Pumphrey and Frank L. Ball, both of Clarendon, Va., for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and CHESNUT, District Judge.

NORTHCOTT, Circuit Judge.

The appellee, herein referred to as the plaintiff, brought this action in June, 1934, in the circuit court of Arlington county, Va., against the appellant, herein referred to as the defendant, to recover damages for personal injuries alleged to have been occasioned by an oil truck, owned and operated by the defendant and driven by its employee. The action was afterwards removed to the District Court of the United States by the defendant. In October, 1934, a trial was had at Alexandria before a jury, and, at the conclusion of the plaintiff's evidence, counsel for the defendant moved for a directed verdict, which motion the court overruled. The defendant presented its evidence and counsel renewed the motion for a directed verdict, which motion the court again overruled. The jury returned a verdict in favor of the plaintiff, fixing his damages at $3,500. A motion was made to set aside the verdict, which motion was overruled and judgment entered; from this action of the court below, this appeal was brought.

The injuries complained of occurred while the plaintiff was standing on the sidewalk in the town of Cherrydale, Arlington county, Va.; the truck in question was moving along the public road, and, as it passed along the Lee Highway at the corner of Melwood avenue, was dragging behind it a long heavy wire which was whipping from one side of the road to the other; as the truck passed the point where the plaintiff, a youth of twenty years of age, was standing, the wire caught around his feet and threw him violently to the ground, causing the injuries complained of. There was evidence to the effect that some 50 or 60 feet of the wire was trailing behind the truck.

The sole question involved is whether there was sufficient evidence of negligence on the part of the employees of the defendant to take the case to the jury.

It is not necessary to cite authorities showing that negligence is never presumed and that the burden is upon the plaintiff to establish to the satisfaction of the jury the fact that negligence existed. Evidence was introduced on behalf of the plaintiff to the effect that the wire, in some unexplained way attached to the truck, had been dragged a considerable distance and two witnesses, who were driving in a car following the truck, testified that they followed the truck for at least one-half of a mile and noticed the wire, and that the driver of the following car endeavored to attract the attention of the truck driver to the

wire by continuously blowing his horn and by waving his hand, but failed to do so. Witnesses, including the occupants of the car following the truck, testified that they saw the wire wrap around the legs of the plaintiff and jerk him up in the air, throwing him on his head. There was no direct evidence as to how the wire was fastened to the truck at the time the wire struck the plaintiff, but there was evidence to the effect that it seemed to be caught around the bottom of the tank, and that when the wire struck the plaintiff it came loose from the truck.

The evidence showed that the truck was properly equipped with a rear vision mirror giving the operator a view of the highway of not less than 200 feet to the rear of the truck (1932 Supp. to Code Virginia 1930, § 2154, subsec. 149). The driver of the truck testified that he could ordinarily see, by reason of the mirror, a wire 50 or 60 feet long swinging back and forth across the road, but that he did not see the wire that caused the accident, and did not remember seeing the plaintiff on the day of the accident. Another employee of the defendant company, who was riding on the truck at the time of the accident, was not offered as a witness.

In Creighton v. Bloom, 108 Pa. Super. 84, 165 A. 51, 52, a case in which the facts are similar to those here, the court said: "The next question is whether or not reasonable prudence on the part of the driver of the truck should have caused him to see and guard against such an occurrence. The testimony is to the effect that the driver did not know that the rope was dangling. One who drives a vehicle should know the conditions under which it is being driven, especially when such conditions are open to ordinary observation. We cannot hold as a matter of law that, where a tarpaulin with a rope attached is dangling from the side of a truck, there is no element of peril to others in such a situation, and that the probability of an accident is so remote as to preclude an imputation of negligence. This also was for the jury."

For a discussion of the law applicable to the facts existing here, see Bowley v. Smith, 131 Me. 402, 163 A. 539; Judy et al. v. Doyle, 130 Va. 392, 108 S. E. 6.

In cases of this character, it is peculiarly the province of the jury to decide questions of fact. The charge of the trial judge was fair, and he instructed the jury that before they could find for the plaintiff they must believe from the evidence that the defendant's agents or servants, engaged in the operation of the truck, knew, or by the exercise of ordinary care should have known, that the wire was being dragged by the truck in time for them, by the exercise of ordinary care, to have avoided the striking of the plaintiff. There was no exception to the charge, and we think the judge properly stated the law. Courts are loath to invade the province of the jury, whose duty it is to find questions of fact.

Numerous cases cited on behalf of the defendant deal with facts different from those established here. The jury resolved the question of fact in favor of the plaintiff, and the action of the judge below was proper. The judgment is accordingly affirmed.