waiver: Beatty v. Lycoming Ins. Co., 66 Pa. 9; Mueller v. South Side Co., 87 Pa. 399; Gould v. Dwelling House Ins. Co., 134 Pa. 570; Kelly v. Sun Fire Office, 141 Pa. 10; Everett v. London, etc. Ins. Co., 142 Pa. 332.

*William Butler, Jr., Thos. S. Butler* and *Wm. S. Windle* with him, for appellees, cited: Bonnert v. Ins. Co., 129 Pa. 562; Farmers Ins. Co. v. Taylor, 73 Pa. 353; State Ins. Co. of Missouri v. Todd, 83 Pa. 279; Susquehanna Ins. Co. v. Staats, 102 Pa. 532; Gould v. Ins. Co., 134 Pa. 589.

PER CURIAM, February 20, 1893:

The first four specifications of error are not assigned according to our rules.

The remaining specifications all bear upon the question, whether there was a waiver by the company of the provision in its policy which required proofs of loss to be furnished within fifteen days after the notice of loss. This was the pivotal point in the case. Without going into the details of the evidence, we think there was sufficient upon this point to go to the jury, and that it was properly submitted.

Judgment affirmed.

# Dougherty *v.* Pacific Mut. Life Ins. Co., Appellant.

*Life insurance—Accidental injuries—Exception in policy.*

In an action upon a policy of accident insurance which provided that the insurance company should not be liable if the assured was injured or killed while upon a railroad bridge, trestle or roadbed, it is not error for the court to charge that if the assured was crossing a railroad at a well-recognized crossing which had long been publicly used, and that he used proper care under the circumstances, and was killed, the mere fact that he was crossing the track would not prevent a recovery.

Argued Nov. 5, 1892. Appeal, No. 212, Oct. T., 1892, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1892, No. 707, on verdict for plaintiff, Mary Ann Dougherty, administratrix of John E. Dougherty, deceased. Before PAXSON, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit on policy of life insurance.

At the trial, before PORTER, J., it appeared that the decease was insured against " such violent and accidental injuries as shall be externally visible upon his person, and which shall alone have caused his death within ninety days from the happening of the same." ' The policy provided that the company should not be liable for an injury or death occurring while the assured was " upon a railroad bridge, tressel or road-bed." The evidence tended to show that on December 25, 1891, the deceased was found about two o'clock in the morning lying dead near the track of the Pennsylvania railroad at Swissvale. The only mark of violence was a wound in the temple. No one saw the deceased killed, and no one could tell how long he had been dead. From 150 to 200 feet from where the body was found was an old and well-used footpath crossing the railroad, which the deceased was accustomed to use. Deceased had been collecting money for a church and had about $175 in his pocket early in the evening, but when the body was found the money was gone.

Plaintiff's point was among others as follows :

" 2. The burden of proof is on the insurance company, the defendant, to show by the evidence in the case, to the satisfaction of the jury, that John E. Dougherty broke or violated the condition or conditions of the policy set up and relied upon by the insurance company to prevent a recovery on the policy. *Answer :* It not being denied that the deceased came to his death through violent and accidental injuries, such as the general terms and scope of the policy would cover, then, in order to prevent a recovery, the jury must be satisfied by the weight of the evidence that the deceased had broken or violated the conditions of the policy." [1]

Defendant's points were among others as follows:

" 3. Under all the evidence, the verdict must be for defendant." Refused. [2]

" 4. The plaintiff having furnished defendant company with the proof of death in this case, and the coroner's inquest thereto attached, showing that John E. Dougherty was killed while walking on a railroad track, the burden of proof is thrown upon the plaintiff, and she must show, if possible, that John E. Dougherty was not killed while so walking on a railroad track or bed.

*Answer :* The finding of the coroner's inquest was only admitted as a part of the proof of loss furnished by plaintiff to the defendant company, and it is not evidence which you are to consider in making up your minds as to how the deceased was or was not, in fact, injured. You must determine that question from the evidence produced at the trial." [3]

Verdict and judgment for plaintiff.    Defendant appealed.

*Errors assigned* were (1–3) instructions, quoting them.

*Albert York Smith,* for appellants.

*William Yost,* for appellee, not heard.

PER CURIAM, January 3, 1893 : Judgment affirmed.

## White *v.* Harden et al.    Holmes's Appeal.

*Judgment—Scire facias—Revival of judgment—Terre tenant—Judgment docket—Practice, C. P.*

Where an amicable scire facias describes exactly the names of the parties, the term and number of the case, and the date and amount of the judgment as revived, the lien of the original judgment will be preserved, as against lands in the hands of a terre tenant, although the terre tenant in signing the amicable scire facias does not designate himself as terre tenant, and the entry in the judgment docket does not so designate him, but he is so designated in the caption of the case in the appearance docket and in the agreement for revival.

In 1881, White obtained judgment against S. B. and J. H. Harden. In 1884, S. B. Harden and J. H. Harden conveyed their land to John Harden. In 1886, the judgment was revived by an amicable scire facias. In the caption of the amicable scire facias S. B. Harden and J. H. Harden were named as defendants and John Harden as terre tenant. The amicable scire facias was signed and sealed by plaintiff, by both of the original defendants and by John Harden, but without the words terre tenant after the latter's name. The entry on the judgment docket set out the names of all three of the defendants, one following the other, with the term and number of the case after each of their names, with the same date of entry and the same amount for each, together with the fact that the proceeding was an amicable scire facias, but without naming any one as terre tenant. The caption of the case in the appearance docket designated John Harden as terre tenant. *Held,* that the lien of the original judgment against S. B. Harden and J. H. Harden was preserved by the revival as against them and John Harden, terre tenant.