Herbert H. Baker, by his Father and Next Friend, A. H. Baker, *v.* D. C. Irish, Appellant.

*Negligence—Contributory negligence—Evidence.*

In an action to recover damages for personal injuries where the defendant sets up as a defense the contributory negligence of plaintiff, evidence that on previous occasions plaintiff was guilty of an act, similar to the alleged act of contributory negligence, is inadmissible.

*Negligence—Evidence—Conflict of evidence—Question for jury.*

In an action by a boy sixteen years of age to recover damages for personal injuries sustained while descending in an elevator in defendant's building, plaintiff testified that he boarded the elevator on the eighth floor, and desired to stop at the third floor, that the elevator conductor stopped the elevator half a foot below the landing of the third floor, threw open the door, and as plaintiff was in the act of stepping out, dropped it suddenly, catching plaintiff's leg between the transom and floor. The conductor contradicted this, and testified that plaintiff threw open the door, and attempted to jump out while the elevator was in motion. One of the two passengers testified that he did not know who opened the door, but that he heard the crash before the elevator stopped. The other passenger testified that he was sitting on a stool closely examining a time table, when he heard a crash, and he thought there was no stop at the third floor. *Held,* that the case was for the jury.

In a negligence case where the weight of the evidence is against the plaintiff, it is not improper for the judge to call the attention of the jury to this fact, but he is not bound to do so.

*Negligence—Damages—Trivial error in charge.*

On an appeal from a judgment on a verdict in favor of plaintiff in an accident case, the Supreme Court will not carry over an error in disregarding the weight of the evidence by the jury and court below, and graft it on an assignment relating to the question of damages, although the instruction on the question of damages is not beyond criticism.

*Negligence—Damages—Measure of damages—Infant.*

In an action by a boy sixteen years old to recover damages for personal injuries, a judgment on a verdict in favor of plaintiff for $6,000 will not be reversed because the court below charged on the measure of damages as follows: " He may recover for the privation and inconvenience he has been subjected to, and for the pain and suffering he has already endured, bodily and mentally, and which he is likely to endure. Nobody can bear that for him, and that goes as an element of damages, as well as the pecuniary loss he has sustained, and likely to be sustained during the remainder of his life from his disabled condition. Now as to pecuniary loss, that would have to be estimated. The only evidence you have is that he

is a boy in his sixteenth year, and you can only estimate what his earnings would have been. You have his age as the only fact connected with his earning power. I do not think what his wages were would be matters that would be involved in this."

Argued Oct. 24, 1895. Appeal, No. 212, Oct. T., 1895, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1894, No. 686, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before MAGEE, J.

The facts appear by the opinion of the Supreme Court.

A witness for defendant was asked this question: Q. Had he before the accident made a practice of attempting to jump out of the elevator before the elevator came to a full stop?

By Mr. McQuistion: What is the purpose of the question?

By Mr. Potter: To show his carelessness in this matter, and to show that he was warned against this very thing.

Objected to as incompetent and irrelevant for any purpose in this issue. The question is, what did he do at the time of the accident; and whatever may have taken place prior thereto is wholly irrelevant to the matter now in issue.

Objection sustained. Exception. Bill sealed for defendant. [1]

Defendant's point, among others was as follows:

3. Under the pleadings and all the evidence in this case the verdict should be for the defendant. *Answer:* This point is refused. [2]

Verdict and judgment for plaintiff for $6,000. Defendant appealed.

*Errors assigned* were, (1) ruling on evidence, quoting the bill of exceptions; (2) answer to point as above; (3) portion of charge relating to measure of damages, quoted in the opinion of the Supreme Court.

*W. P. Potter, Wm. A. Stone* with him, for appellant.—The question before the jury was as to the conduct of the plaintiff at the time of the accident, it is true, but it would seem to us that the matter of his habit of attempting to get off before.

the elevator came to a full stop, if such a one he had, would have some bearing upon the probabilities as to what he actually did at the time.

A careful examination of all the evidence in the case will show that there was not sufficient evidence of negligence upon which to base a verdict against the defendant.

The jury's attention should have been called to the fact that the only evidence in support of the allegation of negligence was the greatly interested testimony of the plaintiff himself: Kaufhold v. Arnold, 163 Pa. 269.

The plaintiff was not entitled to his earnings during the period of his minority, and there was no evidence whatever to show what his earning power was, so that if the verdict was based upon what his earnings would have been as suggested by the court, it was unsupported by the evidence: McHugh v. Schlosser, 159 Pa. 480; Collins v. Leafey, 124 Pa. 203.

*Lev. McQuistion, S. A. Will* with him, for appellee.—Defendant's negligence was for the jury: Del. etc. R. R. v. Jones, 128 Pa. 308; Turnpike Co. v. Ry., 54 Pa. 345; R. R. v. Stinger, 78 Pa. 219; Penna. Ry. v. Coon, 111 Pa. 430: Schum v. Penna. R. R., 107 Pa. 8; Taylor v. Canal Co., 113 Pa. 162; Lee v. Woolsey, 109 Pa. 124; Longenecker v. Penna. R. R., 105 Pa. 328; Neslie v. Pass. Ry., 113 Pa. 300; Ely v. Ry. Co., 158 Pa. 233; R. R. v. Frantz, 127 Pa. 297; McNeal v. Ry., 131 Pa. 184; Brown v. Barnes, 151 Pa. 562; Smith v. B. & O. R. R., 158 Pa. 82.

The instruction as to damages was proper: Baker v. Pa. R. R., 142 Pa. 503; Pittsburg, Allegheny & Manchester Pass. R. R. v. Donahue, 70 Pa. 119; Penna. Ry. v. Allen, 53 Pa. 276.

OPINION BY MR. JUSTICE DEAN, January 6, 1896:

The plaintiff, Herbert H. Baker, was a messenger boy in the Penn building on Penn street in the city of Pittsburg. The building is eight stories high, and access to the floors is had by two hydraulic passenger elevators; the entrance to the elevators from the landings is by doors, which swing outward from the shafts. The plaintiff, on August 10, 1893, was about sixteen years of age, and at that time was in the employ of a tenant on the third floor. The defendant is the owner of the

building, provides the elevators and employs those who, for the convenience of his tenants, operate them. The plaintiff, on this day, went up to the eighth floor to meet another boy, D. R. Lean, that he might exchange with him a book; after attending to this, he testifies he got into the elevator to come down to the third floor where he was employed, and when in, asked the conductor, E. M. Scott, to let him off at that floor; accordingly it was stopped a half foot below the floor, and Scott turned the knob on the door and threw it open with one hand, keeping hold of the lever which controlled the elevator with the other; Baker says, as soon as the door was thrown open, he stepped on the floor with his left foot, the other being on the platform of the elevator, when Scott, by the use of the lever, suddenly dropped the elevator, the upper transom of it catching the left foot between it and the floor; the transom broke, and he fell back into the elevator, which Scott, on noticing the mishap, had immediately raised. There were two other passengers in the elevator at the time, Campbell and Johnson. Plaintiff's injuries were very serious; his back being broken, he is disabled for life. Scott, who had charge of the elevator, testified positively he did not stop at the third floor, nor did Baker ask him to stop, but that while the elevator was moving rapidly past the floor Baker himself turned the knob on the floor door, and attempting to jump out, was caught between the transom and the floor before he could reverse the motion, but he immediately did so when he noticed Baker's peril.

Plaintiff, alleging negligence in Scott, the servant, in that he started the elevator while he, plaintiff, was in the act of getting off it, thus causing his injury, brought suit for damages against his employer, this defendant. At the trial, the evidence of Campbell and Johnson, the other two passengers, although not at all positive in its character, tended to corroborate Scott as to the cause of the accident. The court submitted the evidence to the jury to find, whether the accident was caused by the negligence of Scott in suddenly starting the elevator or in the recklessness of Baker in jumping from it when it did not stop. The verdict was for plaintiff in sum of $6,000, and judgment being entered thereon defendant appeals, assigning three errors. The first is to the rejection of evidence; defendant proposed to prove that Baker had made a practice of jumping

from the elevator while in motion; to this plaintiff objected, and the objection was sustained. There was no error in the ruling; what Baker had done before would warrant no inference, or one so remote, that he had done the same on the day of the accident, that the evidence was inadmissible. Says Wharton's Law of Evidence, sec. 40 and notes: "Ordinarily, when a party is sued for damages, flowing from negligence imputed to him, it is irrelevant to prove against him other disconnected though similar negligent acts. . . . So, where the question in a suit against a railway company is whether a driver on a particular occasion was negligent, it is irrelevant to prove that he had been negligent on other occasions." The same rule applies where the defense is that the injury was caused by plaintiff's own negligence. Men do not usually risk life and limb without motive, and the fact that a man has done so once or oftener, does not warrant the induction that he did so on the particular occasion in controversy.

The second assignment is to the refusal of the court to affirm defendant's third point, which was, that: "Under the pleadings and all the evidence in this case, the verdict should be for defendant." In view of Baker's own testimony, the point could not be affirmed; he testified positively to the fact that Scott stopped the elevator half a foot below the landing, threw open the door, and as plaintiff was in the act of stepping out dropped it suddenly, catching his leg between the transom and the floor. Scott flatly contradicted this, and testified Baker threw open the door and attempted to jump out while the elevator was in motion. Johnson says he saw Baker jump; he did not know who opened the door, he heard the crash, however, before the elevator stopped. Campbell, who got in at the eighth floor, testifies he was sitting on a stool closely examining a time table, when he heard a crash, and he thinks there was no stop at the third floor. An examination of this testimony printed in the paper-books indicates to us that the weight of it was with defendant. But that is not the test of error on this assignment; to weigh conflicting evidence is not one of our functions; that belongs to the jury, who not only scan the testimony but have the witnesses before them. This boy knew just what he did; when he positively and explicitly told what occurred, and what he narrated could have occurred

just as he narrated it, the positive contradiction of Scott, even with the degree of corroboration from Johnson and Campbell, could not divest the jury's constitutional right to consider and weigh the testimony.   We held in Kohler v. Railroad Co., 135 Pa. 346, that even where the plaintiff's testimony is contradicted by his own witnesses, yet if his statement make out a case clear of contributory negligence, it must go to the jury.   If his evidence must go to the jury when he credits the contradictory witnesses by calling them to the stand, certainly it must go there when he discredits them.

The third assignment is that the charge was inadequate on the measure of damages; in that particular, the charge was as follows :

" If, in view of all the evidence you find for the plaintiff, you may allow damages for direct expenses if any have been made or shown.   Now there are none here, I think.   The Supreme Court has said that is an element of damage, however, but I do not think any direct expenses, such as physician's fees and care for nursing, etc., are shown here, because the father is liable for that, and he has an action for that and for the earnings of the boy.   He may recover for the privation and inconvenience he has been subjected to, and for the pain and suffering he has already endured, bodily and mentally, and which he is likely to endure.   Nobody can bear that for him, and that goes as an element of damage, as well as the pecuniary loss he has sustained, and which is likely to be sustained during the remainder of his life from his disabled condition.

" Now as to pecuniary loss, that would have to be estimated. The only evidence you have is that he is a boy in his sixteenth year, and you can only estimate what his earnings would have been.   You have his age as the only fact connected with his earning power.   I do not think what his wages were would be a matter that would be involved in this."

It is true, this instruction on the measure of damages in a case of this importance was very brief; but that does not determine it was inadequate; taking into view the facts here, must we say the jury was left in the dark as to their duty?   This boy, when injured, was but sixteen years of age; there could be no proof which would approximate his future earnings as a man; there was no dispute as to the fact that his earnings had

been no higher than those of a messenger boy; his injury had resulted in complete paralysis from the lower portion of the spine to the toes; the testimony of Dr. MacCord, that this injury was unquestionably permanent, was not disputed; the degree of intelligence possessed by the boy was measurably known to the jury from a very long examination and cross-examination before them. Taking then these facts, undisputed as they were, a boy of sixteen totally disabled for life, the court could have said but little more than was said. It is not as if there had been dispute as to the earning capacity of the injured person, or as to the extent of the disability, or as to how long it would probably last. These would have called for fuller instructions. As the jury found the question of negligence against defendant, their verdict, in view of the nature of the injury, can hardly be called exorbitant or unduly large because of inadequacy of charge. Nor ought we to be moved to astuteness in discovering error on this last assignment, because the jury rendered a verdict against what seems to be the weight of the evidence on the question of negligence.

Assuming the weight of the evidence was with defendant, and that the learned judge of the court below might well have so said, he was not bound to do so. In the case of Penna Railroad v. Goodman, 62 Pa. 329, an action by a husband against the company for damages by reason of the death of his wife from alleged negligence of the company at a grade crossing, the case rested almost wholly on his unsupported testimony; even five of his own witnesses contradicted him in the most material point, the contributory negligence of both husband and wife; so one-sided was the testimony, that it called from this court, AGNEW, J., these remarks: "The verdict in this case appears to us to have been very unwarranted, and ought to have been set aside. The evidence of negligence on part of plaintiff below on approaching the railroad crossing is very strong. . . . Yet we perceive no means of reaching the injustice on a writ of error, without ourselves undertaking to decide the facts which fell within the province of a jury. . . . A judge is not bound to express his opinion on the facts; though we think, in this case, he would have done a service to justice, had he pointed out to the jury with some emphasis the true attitude of the case on its facts." The verdict was for plaintiff in a

much larger amount than here ; the charge on the measure of damages was briefer, and although the point of inadequacy in this last particular was strongly pressed, the court refused to carry over an error in disregarding the weight of the evidence by the jury and court below, and graft it on the assignment relating to the question of damages, although the instruction on this last subject was not beyond criticism. So, whatever substantial error there was here it is beyond our reach, and however manifest it may seem, we will not, on merely verbal criticism of the charge in another particular, reverse because of an error over which we have no control: In other words, for an error of gravity over which we have no power, we will not reverse on a trivial one, where we have power, when the latter could not have done, and obviously did not do harm.

A careful examination of the whole case fails to disclose any error sufficient to warrant a reversal, therefore the judgment is affirmed.