## Wyatt *v.* Russell, Appellant.

## Wyatt, Admr., *v.* Russell, Appellant.

Argued May 25, 1932. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Walter J. McClintock,* with him *J. Perry Eckels,* for appellant in No. 227.—In a personal injury case it is proper for the defendant to develop, by cross-examination, that if the plaintiff or a member of her family present with her had used due diligence in procuring medical or surgical treatment her condition might have been improved, for the purpose of mitigating damages: Leitzell v. R. R., 232 Pa. 475; McCaffrey v. Schwartz, 285 Pa. 561.

When driving at an excessive rate of speed and negligence is imputed, it is proper to develop through cross-examination of the plaintiff that she had taken previous trips with the defendant, in which he drove at a much greater speed without objection by her and that in accompanying him on the present trip she assumed such risk.

A remark by plaintiff's counsel to the jury which would lead it to infer that the defendant would not have to pay the amount of the verdict was so improper as to require the withdrawal of a juror and continuance of

the case: Hollis v. Glass Co., 220 Pa. 49; Scranton Gas & Water Co. v. Weston, 63 Pa. Superior Ct. 570.

*J. Perry Eckels,* with him *Walter J. McClintock,* for appellant in No. 228.—In a suit for damages, arising from the death of plaintiff's decedent in an automobile injury, where the plaintiff testifies that the decedent's income from the partnership business, composed of the decedent and the plaintiff, was in the form of a salary, it is not for the defendant to develop through cross-examination that the capital of the business had been furnished by the decedent and that at least a portion of said salary was in fact a return from such invested capital: Boggess v. R. R., 234 Pa. 379.

*Albert L. Thomas, Frank J. Thomas* and *Paul E. Thomas,* of *Thomas & Thomas* for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE FRAZER, June 30, 1932:

These two appeals from orders of the court below refusing new trials, were argued together and will be here so considered. Both actions were the result of the same automobile accident. Myron E. Wyatt and his wife, Margaret E. Wyatt, were on a pleasure trip with appellant and his wife, traveling in a car owned and driven by appellant. Near Marion, Arkansas, in passing around a curve, on an upgrade, at night, the car skidded, went over an embankment, and struck a telegraph pole. Both Mr. and Mrs. Wyatt were seriously injured and were taken to a hospital in Memphis, Tennessee, where Myron Wyatt died soon after being admitted. Mrs. Wyatt was found to have fractures of the right shoulder and leg, a fractured sternum, fractured ribs, and other injuries. She remained in the hospital for three months, and upon leaving that institution went to defendant's home in Illinois for two weeks. After returning to her own home in Meadville, Pennsylvania, she was again under the

doctor's care. The testimony shows she sustained serious and continuing physical impairments. The jury awarded a verdict of $5,000 for the death of Myron E. Wyatt, and $8,500 in the action for injuries to his wife.

Defendant, in the suit to recover damages for Mrs. Wyatt's injuries, assigns as error on this appeal refusal of the court below to permit examination of one of plaintiff's witnesses, the doctor who attended her following her return home, on whether her permanent injuries might have been lessened by different treatment. This witness had no personal knowledge of plaintiff's condition until more than three months after the accident. Moreover, we find no evidence that Mrs. Wyatt failed to take advantage of all medical and surgical aid available to her at the hospital, or that she refused to take steps that would in any respect have improved her condition. Consequently, cross-examination of the witness along this line was properly excluded on the principle that "where a person is injured by another's negligence, and uses reasonable care in selecting a physician to attend him and in following his directions, then the one guilty of negligence is liable for the resulting injuries, even though a higher degree of medical skill might have minimized the injuries." See Hunt v. Boston Terminal Co., 212 Mass. 99.

Appellant also complains that he was not permitted to examine plaintiff relative to the speed at which defendant had driven on other trips, to establish plaintiff's contributory negligence in taking this journey with him. The law is well settled that negligence on a former occasion is not admissible to prove later negligence (Baker v. Irish, 172 Pa. 528, 531-2; Veit v. Class & Nachod Brew. Co., 216 Pa. 29, 32), and " 'The same rule applies where the defense is that the injury was caused by plaintiff's own negligence. Men do not usually risk life and limb without motive, and the fact that a man has done so once or oftener, does not warrant the induction that he did so on the particular occasion in contro-

very:'" Veit v. Class & Nachod Brewing Co., supra, quoting from Wharton's Law of Evidence, section 40.

Defendant's third assignment of error (in No. 227) is to the refusal of the court to withdraw a juror and continue the case, following a remark of counsel for plaintiff, in his argument to the jury on the subject of damages for Mrs. Wyatt's injuries. The trial judge states his recollection, and it is not disputed by defendant, that the jury were instructed to disregard the remark in question immediately upon defendant's objection to it. It does not appear however from the amount of damages awarded that the language objected to was harmful to defendant, for the award cannot be regarded as excessive.

In the suit for damages for the death of Myron Wyatt, the appeal is based on the refusal of the court below to permit examination of a witness as to the amount of capital the decedent had invested in the partnership business from which his income was derived. It was testified that decedent, who was actively employed in the partnership business, had for several years received therefrom a salary of $250 per month, from which he contributed $160 or more for the support of his family. On the authority of Boggess v. B. & O. R. R. Co., 234 Pa. 379, the trial judge excluded evidence as to capital investment, holding that the earning power of decedent alone was to be considered in estimating damages. This instruction was clearly proper under the ruling of the case cited and the circumstances here present.

The opinion of the court below fully and carefully discusses the above and other points raised by defendant in his motions for a new trial, and we see no abuse of discretion in the refusal thereof.

Judgment is affirmed in both appeals.