Klein et ux. *v.* Weissberg, Appellant.

Argued April 25, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Harold E. McCamey,* and with him *Hamilton A. Robinson* of *Dickie, Robinson & McCamey,* for appellant.

*Edward J. I. Gannon* of *Hazlett, Gannon & Walter,* for appellees.

OPINION BY KELLER, J., October 3, 1934:

This is an action of trespass to recover damages for injuries sustained by plaintiffs—husband and wife —while riding in defendant's automobile, which collided with another car and a telegraph pole, as a result of defendant's negligent driving.

As defendant offered no testimony, for the purposes of this appeal we must accept that offered by the plaintiffs as true. It may be briefly summarized as follows: Defendant, his wife, and three year old child, accompanied by the plaintiffs, were on a trip, in defendant's Packard car, from Tarentum, Pennsylvania, to Los Angeles, California. They left home on Monday, February 3, 1930, and traveled between 300 and 350 miles a day. On Friday morning, February 7, 1930, when they were in the vicinity of Odessa, Texas, the accident occurred. During the previous four days defendant had been driving the car with reasonable care, going 40, 45 to 50 miles an hour in the open country and slowing down through

towns. On Friday morning, however, he had gotten off his route and lost about ten miles and was trying to make up the lost time. He speeded up to 65 or 70 miles an hour, several times, but slowed down again to his usual rate when the plaintiff, Joe Klein, or defendant's wife protested. When near Odessa, a Ford car was seen to be about a half a mile ahead and apparently stalled. The road was a "good wide, straight, tar road," with soft gravel on the shoulders on each side. As they approached the Ford car, defendant, speeding up to 65 or 70 miles an hour, tried to pass it on the right. The right wheels of his car got in the soft gravel, which threw the car against the front wheel of the Ford car, causing defendant's car to turn over and over, *four times,* and then smash into a telegraph pole which demolished it.

This testimony, if believed, and it was not disputed or contradicted, fully justified the verdicts and judgments; in fact, would not warrant any other verdict.

Appellant presents three grounds for reversal.

(1) He contends the evidence required binding instructions or judgment non obstante veredicto in his favor. The recital of facts just given disposes of this contention. He devoted much of his argument, both oral and written, to the well-established proposition that negligence is not established by mere proof of skidding; that it is necessary to prove that the skidding resulted from the negligent act or acts of the defendant. Smith v. Gross, — Pa. Superior Ct. —, 173 A. 478, is the latest case on the subject, and distinguishes between the cases where no negligence was shown (See Hatch v. Robinson, 99 Pa. Superior Ct. 141) and those where the jury were permitted to pass on the question of negligence (See Vespe v. Rosen, 75 Pa. Superior Ct. 332). See also Schoepp v. Gerety, 263 Pa. 538, 540, 541, 107 A. 317, and Van

Winckler v. Morris, 46 Pa. Superior Ct. 142, 144, and cases holding that the force and momentum of the automobile, following the skidding, may be considered by the jury on the question of negligence. But in the present case there was no evidence of skidding. Throughout the testimony the word did not once appear. Defendant's counsel in cross-examining the husband plaintiff brought out the facts most clearly: (p. 27-a) "Q. Mr. Weissberg started to go by him on the right side? A. On the right. Q. And when he started to go by him, his two right wheels went on the gravel along the side, is that right? A. Yes. Q. Then that gravel threw his car so that it hit the Ford on the front wheel? A. Yes. Q. And that caused your car to upset? A. Upset four times." There is no similarity, whatever, between *"skidding"* on a slippery road and the consequences resulting from running one wheel of a car, at high speed, into soft earth or gravel, which is liable to deflect the steering and throw the car sidewise. The proposition as to skidding, cited by appellant, has no application here under all the facts.

(2) Defendant also complains because he was not permitted to cross-examine the plaintiff, Joe Klein, further, as to defendant's movements and speed on the day previous. He had already cross-questioned Klein, at some length, as to the distance traveled each day since they started, the speed at which defendant drove, whether reasonable or not, his method of driving on previous days, and had elicited nothing which tended to show any negligent driving by the defendant before the morning of the accident or any contributory negligence on the part of the plaintiffs. With the record in this shape, the cross-examination proceeded: "Q. Did he drive over that [40, 45 to 50 miles per hour] at any time either on Monday, Tuesday or Wednesday? A. No. Q. Never got over

it? A. No. Q. So that his driving on these three days was all right? A. Yes. Q. How about Thursday? A. About the same. Q. Perfectly satisfactory to you, was it? A. Yes. Q. Driving about the same speed, forty, forty-five, fifty? A. Yes. Q. And he wasn't careless or negligent, didn't drive too fast on any of these days, Monday, Tuesday, Wednesday or Thursday? A. Well he didn't drive through cities like this, you know. He drove on roads, just where he was clear. There is very good roads there. Q. But those four days you were perfectly satisfied with his driving? A. Yes sir. Q. Do you remember that Thursday evening you were driving parallel to a train, a track going along, and that your automobile was running along with the train? Do you remember that? A. There was a train, ...... Q. Did you ride along with the train, your car going parallel to the train on Thursday night? A. Yes. Q. Did you keep up with it? Mr. Hazlett [Counsel for plaintiffs]: Objected to as immaterial. Mr. McCamey [Counsel for defendant]: In order that the court may understand the reason for that, I will be glad to make an offer at side bar. The Court: You don't have to make an offer at side bar. Mr. McCamey: May I explain to the court? The Court: No. This is an accident which happened Friday morning and we are just interested in what happened Friday morning. Mr. McCamey: Do I understand if this man had been driving with a man for four days in a careless manner it would not make any difference? The Court: There is an objection and I have ruled on it. I can't go into it any further. Objection sustained. Exception noted.''

The difficulty with counsel's position was that instead of proving that defendant had been driving for four days in a careless manner, he had just shown by

a full cross-examination of plaintiff that defendant's driving had been reasonably careful until the morning of the accident. Whether he kept up with a train going parallel with him would throw no light on the subject, unless the train was going at a rate of speed which was greater than an automobile should reasonably travel. Appellant's counsel had not called plaintiff as a witness. Strictly speaking, he was not in a position to offer to prove anything by him. He could only state what he hoped to be able to show by his cross-examination, and in a full and extensive cross-examination he had shown just the opposite of what he was hoping to elicit. Besides, as pointed out by the court below, in its opinion, the question before the jury was not what defendant's conduct had been on the day before, but what it was on the morning of the accident: Wyatt v. Russell, 308 Pa. 366, 162 A. 256; Sanders v. Stotesbury, 100 Pa. Superior Ct. 523, 525, 526 (Ass't 1). Even if defendant had "kept up with" a train the evening before, it would not have been relevant evidence to convict the plaintiffs of contributory negligence the next day, for continuing on their journey with him twelve or fifteen hundred miles from home. Negligence on a former occasion is not admissible to prove later negligence: Wyatt v. Russell, supra, p. 369; Baker v. Irish, 172 Pa. 528, 531-2, 33 A. 558; Veit v. Class & Nachod Brewing Co., 216 Pa. 29, 32, 64 A. 871. See also Young v. Freeman, 108 Pa. Superior Ct. 399, 164 A. 114. The fact of the matter is, the defendant was offering no evidence. He called no witnesses. He seems to have been on a fishing excursion for evidence, by way of cross-examination, and had pursued the subject as far as the court thought reasonable.

(3) Appellant also complains because the trial judge did not give the jury instructions that defend-

ant's negligence must be the *"proximate cause"* of the accident. The lower court points out in its opinion that the trial judge asked both counsel at the conclusion of his charge if they desired him to add or correct anything, and defendant's counsel did not request him to say anything to the jury on "proximate cause": See Mastel v. Walker, 246 Pa. 65, 92 A. 63; Fortney v. Breon, 245 Pa. 47, 91 A. 525. Furthermore, we doubt the wisdom or advisability of a court's using abstruse legal terms to instruct a jury where their use is not absolutely necessary. "Proximate cause" means nothing to an ordinary jury, and in most cases an attempt to explain it to them, when not necessary, would only befog the issue. If plaintiff's evidence in this trial was true, defendant's negligence was the proximate cause of the accident and the jury should find a verdict acordingly; but the jury need only be told, in such circumstances, that if they found from all the evidence that the defendant did what the plaintiffs swore he did, then they could find that he was negligent, and if they so found, the verdict should be for the plaintiffs. There were no causes contributing to this accident except those for which defendant was responsible, viz., excessive speed, in the circumstances, in passing the Ford automobile, at a point which took him off the hard road on to the soft gravel shoulder.

The assignments of error are all overruled and the judgment is affirmed.