## Commonwealth *v.* Etzel, Appellant.

254

Submitted March 24, 1952. Before Drew, C. J., Stearne, Jones, Bell, Chidsey and Musmanno, JJ.

*Lee C. McCandless,* for appellant, submitted a brief.

No appearance was made nor brief submitted for Commonwealth.

Opinion by Mr. Justice Jones, April 14, 1952:

The defendant, while operating his automobile on a highway in Butler County, met with an accident which resulted in fatal injury to his passenger. After a citation and hearing, as provided by Section 615 (b) 4 of The Vehicle Code of 1929, P. L. 905, as amended, 75 PS §192 (b) 4, the Secretary of Revenue suspended the defendant's operator's license for a period of three

months. The defendant appealed the order of suspension to the court below (Common Pleas of Butler County) which entered upon a hearing of the matter as required by Section 616 of The Vehicle Code, as amended, 75 PS §193. At the hearing (intended to be de novo: see *Commonwealth v. Garman,* 361 Pa. 643, 645, 66 A. 2d 271, and cases there cited), the Commonwealth produced but one witness, a State policeman. He had not witnessed the accident and testified in part from a written report made by another officer with whom he had investigated the accident shortly after the happening. At an adjourned hearing, counsel for the Commonwealth offered in evidence, and the court admitted over the defendant's objection, a letter from the office of the Secretary of Revenue setting forth several prior violations of The Vehicle Code by the defendant and two suspensions of the defendant's license, respectively, four and six years before. On the assigned basis of "the facts" in the case and the allegations of the letter, the court entered an order dismissing the appeal.

There being neither express statutory provision for nor prohibition of an appeal from such an order, the matter is now before us as on certiorari: *Bureau of Highway Safety v. Wright,* 355 Pa. 307, 309, 49 A. 2d 783. Our review is therefore limited to determining whether the findings of the court below are supported by competent evidence and to correcting any conclusions of law erroneously made: *Commonwealth v. Herzog,* 359 Pa. 641, 60 A. 2d 37, and cases there cited.

The defendant contends (1) that there was no evidence from which it could be found that the fatal accident was due to negligence on his part, (2) that the hearing judge erred in receiving in evidence the letter from the office of the Secretary of Revenue and (3) that the court could not properly make an order upholding the suspension without a finding of fact that

the accident resulted from negligence of the defendant. We agree with all three contentions.

The police officer's testimony was so barren of any facts capable of imputing negligence to the defendant that, near the close of his interrogation, the hearing judge inquired,—"Why did you State policemen report this defendant at fault?" The witness answered,—"according to this officer's report I have here, it was his opinion that Mr. Etzel [the defendant] was traveling too fast for the conditions of the road and when he came upon this emergency he was in no position to stop his car to avoid an accident." The answer was patent hearsay with respect to a guess by one who had not actually witnessed the accident. Nowhere in the report is there any evidence from which an estimate of the speed of the defendant's car at the time in question could be made or an inference of recklessness drawn.

The accident happened at 10:55 p.m. Eastern Standard Time in the month of May. The highway was fifteen feet wide and surfaced with black top. The road was dry at the time of the occurrence although it had been raining earlier. As the defendant proceeded around a curve he was suddenly confronted with an unlighted road block caused by an automobile crosswise on the highway. The driver had backed onto the highway at right angles after an unsuccessful attempt to drive up the steep slope of a wet and slippery entry lane leading from the highway. The defendant, in an effort to avoid colliding with the automobile athwart the highway, steered his car onto the eight-foot berm at the right but went over the bank and struck a tree with the indicated resultant injury to his guest. An automobile following the defendant's car made the same maneuver for the same reason and also went over the bank, fortunately, without serious injury to anyone. So far as the defendant's conduct is concerned, the tes-

timony showed no more than the happening of the accident.

In *Commonwealth v. Herzog,* supra, we said (p. 644),—". . . the crucial factor in the suspension of a license in the circumstances [i.e., an attendant fatal injury] is that 'the fatality resulted from the negligence' of the operator whose license is singled out for suspension," citing *Commonwealth v. Cole,* 350 Pa. 369, 372, 39 A. 2d 361. As stated elsewhere in the *Herzog* case, the operator's negligence must at least have "contributed in a measure to the sequent fatality . . . ." In the instant case, there is neither a finding nor proof that the fatality was caused or contributed to in any degree by negligence on the part of the defendant.

The letter from the office of the Secretary of Revenue should have been excluded on the defendant's timely and specific objection. We do not, however, rest anything presently upon the erroneous reception of it in evidence. The matter contained in the letter could no doubt have been competently proven, if required; hence, the incompetency of the letter as legal proof of its contents might properly have been waived in the interest of convenience and expedition. But, even so, the statements of the letter were neither relevant nor material to the issues of the case. In *Veit v. Class and Nachod Brewing Company,* 216 Pa. 29, 33, 64 A. 871, Mr. Justice STEWART, speaking for this court, said that "It is an established rule, applicable alike to civil and criminal inquiries, that the commission of the act charged cannot be proved by showing a like act to have been committed by the same person." This rule was specifically applied with reference to a charge of negligence in *Wyatt v. Russell,* 308 Pa. 366, 369, 162 A. 256, where it was said that "The law is well settled that negligence on a former occasion is not admissible to prove later negligence." Where there is neither con-

nection nor relation between prior acts of negligence and subsequent conduct, evidence of the former is not relevant to prove the latter to be negligence. See *Baker v. Irish,* 172 Pa. 528, 531-532, 33 A. 558.

It was incumbent upon the court below to make specific findings of fact from the evidence adduced at the hearing and, then, to enter a final order consonant with such findings. See order of reversal in *Commonwealth v. Garman,* supra, at p. 646. In *Commonwealth v. Eisenmenger,* 365 Pa. 127, 130, 74 A. 2d 173, which was an appeal by the Commonwealth from the action of a common pleas court in reversing a license suspension by the Secretary of Revenue, we sent the case back "for findings of fact whereon the trial judge may reasonably base an ultimate conclusion as to the operator's competency to drive: [citing cases]." In the present instance there is no occasion to remand for findings and consequent action by the court below. The record contains no relevant or material evidence from which a finding could justifiably be made that the fatality involved was the result of negligence on the part of the defendant.

It is not without significance that there was neither brief nor appearance for the Commonwealth in this court.

The order is reversed and the suspension vacated at the Commonwealth's costs.