Jamison, Appellant, *v.* Ardes.

190

Argued April 27, 1962. Before BELL, C. J., JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Alexander A. DiSanti,* with him *Berman, Richard & Brian,* for appellant.

*John F. Cramp,* with him *George J. McConchie,* and *Cramp & D'Iorio,* for appellee.

OPINION BY MR. JUSTICE COHEN, June 28, 1962:

Appellant, Helen G. Jamison, the personal representative of the decedent's estate, appeals from the entry of judgment in favor of the defendant-appellee, Reese T. Ardes, following the lower court's refusal to grant her motion for a new trial.

The decedent, a man seventy-six years of age, met his death when he was struck by an automobile operated by appellee. The accident occurred after dark as decedent was crossing a road in front of his home.

In her action, appellant claims damages under both the Wrongful Death Act of 1855, April 26, P. L. 309, as amended, 12 PS §1602, and the Survival Act (Section 603 of the Fiduciaries Act of 1949, April 18, P. L. 512, 20 PS §320.603).

At trial, the jury returned a verdict for the appellee. Appellant's motion for a new trial was granted

by the court en banc on the ground that the trial judge had incorrectly charged the jury regarding the burden of proof in respect of contributory negligence. On appeal by the present appellee from the order granting a new trial, we affirmed the court below in an opinion by former Chief Justice CHARLES ALVIN JONES: *Grochowski v. Ardes*, 402 Pa. 614, 168 A. 2d 327 (1961).

The retrial of this case again resulted in a verdict for the appellee. This time, however, the court en banc refused appellant's motion for a new trial and entered judgment for appellee. The instant appeal followed.

Two major questions are raised for our consideration. Initially, appellant contends that it was error on the part of the lower court to admit in evidence in this action brought under the Wrongful Death and Survival Acts the fact that the appellee had been exonerated of all charges of criminal responsibility by a coroner's inquest which inquired into the circumstances surrounding the death of the decedent. We do not agree with this contention.

Appellant read in evidence an admission contained in a pretrial statement that an inquest had been held before the coroner and that the report of the coroner's physician indicated that certain injuries had caused the death of the decedent. It was only at that point that appellee's counsel, with the approval of the court, stated to the jury that appellee had been exonerated of any criminal responsibility by the coroner's inquest. While there is some authority to support appellant's position that the verdict of a coroner's jury is not admissible in an action for wrongful death, see *Spiegel's House Furnishing Company v. Industrial Commission*, 288 Ill. 422, 123 N.E. 606 (1919), 18 C.J.S. Coroner's §27(b), 16 Am. Jur., Death, §318, 20 Am. Jur., Evidence, §997, we do not feel that the general principle advanced by the authorities is applicable in the

instant case. Appellant, herself, first introduced the subject of the coroner's hearing in testimony. Having done so, she opened the door for appellee to refute the inferences to be drawn from this evidence by his own offer of testimony regarding the verdict of the inquest. It would be most inequitable to permit appellant to offer evidence favorable to herself in an area not hitherto presented for consideration by the jury, and then prevent appellee from counteracting the effect of this evidence.

Appellant relies on *Dougherty v. Pacific Mutual Life Insurance Co.,* 154 Pa. 385, 25 Atl. 739 (1893). In affirming per curiam the verdict and judgment for plaintiff, this court stated " ' that The finding of the coroner's inquest was only admitted as a part of the proof of loss furnished by plaintiff to the defendant [insurance] company, and it is not evidence which you are to consider in making up your minds as to how the deceased was or was not, in fact, injured' ", and that " 'You must determine that question from the evidence produced at the trial.' " We agree with the lower court's statement that the *Dougherty* case merely holds that the results of a coroner's inquest in a subsequent civil action are not per se inadmissible, but are inadmissible only when offered to prove the factual circumstances causing the death. Accordingly, the holding in the *Dougherty* case does not, in our opinion, preclude the admission of the evidence in question herein.

In the instant case, moreover, we feel that the trial court, both by its statement to the jury after appellee introduced testimony regarding exoneration by the coroner's jury and by its charge, properly instructed the jury regarding (1) the different burdens of proof involved in a civil trial and in a coroner's inquest; (2) the distinctions between civil and criminal negligence, and (3) the proper relevance of a verdict by a coro-

ner's jury. By so doing, the trial judge sought to neutralize any possible prejudicial effect that introduction of evidence regarding this phase of the case might have had. In our opinion, he did so successfully.

We now turn to the second issue raised by appellant, to wit: The admission in evidence of testimony of the police chief of the township where decedent lived and was killed that prior to the accident he had often warned decedent to stay off the road constituted reversible error. Appellant advances three reasons for objecting to this testimony: (1) it was elicited on cross-examination which went beyond the scope of direct examination; (2) it was hearsay; and (3) it constituted an inadmissible conclusion. While we feel the first two reasons advanced by appellant are not sufficient to justify a reversal, there is merit in the last contention.

Appellee introduced the testimony of the police chief to show that decedent had frequently traversed the road in question and was aware of its dangerous qualities. Based on this knowledge attributed to decedent, appellee attempts to rebut the usual presumption of due care on the part of a decedent and thereby create an inference of negligent behavior on the basis of decedent's having crossed the road on the occasion that resulted in his death contrary to the police chief's admonition. On the basis of such an inference, appellee seeks to establish contributory negligence.

The police chief's testimony was improperly admitted. Decedent might have been warned on a dozen different occasions that it was dangerous for him to cross the road and that he must be more careful in the future. This "course of conduct" is irrelevant, however, in establishing his contributory negligence *at the time of death.* Decedent could have taken every possible precaution and have acted with utmost care *at the time he was struck.* As a general rule, evidence of simi-

lar but disconnected acts of negligence is not admissible to prove negligence on a particular occasion. *Commonwealth v. Etzel,* 370 Pa. 253, 86 A. 2d 64 (1952); *Wyatt v. Russell,* 308 Pa. 366, 162 Atl. 256 (1932). Similarly, evidence of general reputation of a person for carelessness is inadmissible to prove negligence on a particular occasion, since a person may have a very bad reputation and yet have discharged his duties properly on that occasion. See *Aiken v. Pennsylvania R. Co.,* 130 Pa. 380, 18 Atl. 619 (1889); 1 Henry, Pa. Evid. (4th Ed.) §43 (1953).

In the instant case, the evidence in question is of an even weaker character. The fact that the police chief had told decedent to stay off the road is neither proof of prior negligence nor proof of decedent's reputation for negligence. It is a mere irrelevant admonition which is out of context with the entire proceedings.

It is a commonplace that for a court to be justified in declaring a person contributorily negligent as a matter of law, evidence of such negligence must be so clear and unmistakable that no reasonable basis remains for an inference to the contrary. *Clewell v. Pummer,* 384 Pa. 515, 121 A. 2d 459 (1956); *Murphy v. Bernheim & Sons, Inc.,* 327 Pa. 285, 194 Atl. 194 (1937). Accordingly, we will not permit appellee to attempt to exonerate himself from liability by seeking to rebut the presumption of due care and to establish decedent's contributory negligence on the basis of the inferences which might be drawn from the testimony of the police chief. It was reversible error for the trial court to admit such evidence.

Turning briefly to appellant's other contentions, we hold: (1) that the trial court's instructions regarding the application of section 803 of The Vehicle Code of 1959, April 29, P. L. 58, 75 PS §803, regulating the intensity of automobile headlights was proper; and (2)

that under the testimony adduced in the trial, the lower court was justified in submitting the question of contributory negligence to the jury.

The judgment of the lower court is reversed and the record remanded for a new trial.

Mr. Justice EAGEN concurs in the result.