## Levant, Appellant, v. Leonard Wasserman Co., Inc.

Argued December 8, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Edward L. Edelstein,* with him *Ehrenreich, Sidkoff, Edelstein & Shusterman,* for appellant.

*Joseph G. Manta,* with him *William B. Freilich, James M. Marsh,* and *LaBrum and Doak,* for appellee.

OPINION PER CURIAM, March 23, 1971:
Judgment affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:
This negligence case arose from an accident which occurred in appellee's store. Appellant was shopping

in the store and reached into a cart to more closely examine some merchandise. She alleged that the cart, which had been placed too close to a step which divided two sections of the store, moved and toppled down the step. As a result, appellant also fell off the step to the floor.

Appellant sustained a fractured hip from the incident. She was forced to undergo an extended period of recuperation, and claims some permanent residual effects from the injury. She expended approximately $2000 for medical expenses.

The matter was tried before a jury, which returned a verdict of $2,500 for appellant. Appellant filed a motion for a new trial based upon the inadequacy of the verdict, and that the court erred in permitting appellee to cross-examine appellant in regard to a prior accident.

At trial appellant testified concerning her accident which was caused by appellee's alleged negligence. Appellee's defense was primarily predicated upon appellant's contributory negligence in falling down the step. On cross-examination appellant admitted that she had suffered another accident three months before the fall involved in the instant case. Over continuing objections appellee established that the first fall had resulted from appellant's slipping on the basement steps of her apartment house.

It is a well established rule of evidence that "the commission of the act charged cannot be proved by showing a like act to have been committed by the same person . . . . Where there is neither connection nor relation between prior acts of negligence and subsequent conduct, evidence of the former is not relevant to prove the latter to be negligence." *Commonwealth v. Etzel*, 370 Pa. 253, 257-8, 86 A. 2d 64, 66 (1952). "Evidence

of general reputation of a person for carelessness is inadmissible to prove negligence on a particular occasion, since a person may have a very bad reputation and yet have discharged his duties properly on that occasion." *Jamison v. Ardes,* 408 Pa. 188, 194, 182 A. 2d 497, 499 (1962). "The same rule applies where the defense is that the injury was caused by plaintiff's own negligence." *Baker v. Irish,* 172 Pa. 528, 532, 33 A. 558, 559 (1896). *Wyatt v. Russell,* 308 Pa. 366, 162 A. 256 (1932).

In its opinion the lower court justified the admissibility of evidence of a prior accident by noting that in her suit for damages arising from the first fall appellant had alleged "bruises and contusions of the body", which she was also claiming in the present case. Thus, the existence of, and injuries resulting from, the first fall would be relevant for the jury to consider in determining whether some of appellant's present ailments were a result of her first injury.

Although evidence of the first accident was permissible on the restricted basis of relation to damages, the court below allowed the cross-examination to be carried too far. The fact that both appellant's accidents had involved falls down stairs was irrelevant to the jury's determination of to what extent her present ailments were a result of the second accident. Appellant's carelessness on a prior occasion has no bearing on how she performed during the incident at issue. The only purpose for which this evidence could be used would be the unfairly prejudicial one of convincing the jury that appellant was prone to accidents on stairs.

Since prejudicial evidence was improperly introduced, I would reverse the judgment of the court below and remand for a new trial.

SPAULDING, J., joins in this dissenting opinion.

DISSENTING OPINION BY CERCONE, J.:

Sara Levant instituted a trespass action for personal injuries sustained while a business invitee in defendant's establishment. A shopping cart containing sales merchandise was located close to the edge of a step dividing two levels of defendant's store, and when plaintiff removed some merchandise from the cart, the cart moved, dropping off the step and throwing plaintiff, then aged 76 years, down the step and to the floor. Plaintiff sustained a fracture of the right hip (an impacted subcapital fracture of the right femur) requiring the insertion of a Smith-Peterson nail, with consequent medical expenses of $2,013.49. The jury returned a verdict in plaintiff's favor but in the amount of $2,-500.00 only. Plaintiff has appealed, contending the lower court committed error in permitting cross-examination as to a prior fall and that such error resulted in the inadequate verdict. The record sustains plaintiff's contentions.

Though plaintiff's complaint contained the customary general averments of bruises and contusions, the main injury for which she claimed damages and the only injury as to which she introduced evidence was the fractured hip. Despite this fact, however, defendant was permitted to cross-examine plaintiff as to the prior fall merely because she had claimed bruises and contusions in that prior fall. It is clear that the evidence of the prior fall elicited on cross-examination was wholly irrelevant to the fractured hip which was the only injury placed in evidence by plaintiff in her suit against defendant, which injury was not involved in the prior fall.

Not only did the court err in so allowing irrelevant cross-examination, but it compounded its error by permitting the cross-examination to be so wide in scope as to include the manner and cause of the prior fall. Ob-

viously, defendant sought by such evidence to create an inference of contributory negligence, contrary to the well-established rule that occasions of past carelessness cannot be used to prove negligence on the particular occasion in question. *Baker v. Irish,* 172 Pa. 528 (1896); *Wyatt v. Russell,* 308 Pa. 366 (1932).

Though the jury did not accept the evidence of the prior fall as proof of plaintiff's contributory negligence barring her from recovery, yet that evidence obviously affected the jury's determination as to the amount of recovery to which she was entitled, the jury rendering a verdict of only $2500 for a fractured hip requiring the insertion of a Smith-Peterson nail and the expenditure of $2,013.49 of medical expenses. For that reason I would remand the case for a retrial of the issue of damages only. Since the jury rendered a verdict of $2500 in plaintiff's favor despite the evidence of the prior fall, we must accept the issues of defendant's negligence and plaintiff's lack of contributory negligence to have been definitely and conclusively established by the evidence to the jury's satisfaction. Those issues were not so interwoven with the issue of damages that they cannot be separated for the purpose of retrial. Defendant itself contends the cross-examination was relevant only to the issue of damages, and since the record establishes it was not so relevant, that issue alone, free of evidence as to the prior fall, should be retried. The error did not permeate the entire trial but affected only the question of damages. Concededly a new trial limited to the issue of damages is to be granted sparingly and in exceptional cases only *(Friedman v. Matovich,* 191 Pa. Superior Ct. 275 (1959)), but this is such a case.

I, therefore, respectfully dissent from the majority's affirmance of the clear error of the court below.