Levant, Appellant, *v.* Leonard Wasserman
Co., Inc.

Argued November 12, 1971.   Before JONES, EAGEN,
O'BRIEN, ROBERTS and POMEROY, JJ.

*Edward L. Edelstein,* with him *Ehrenreich, Sidkoff, Edelstein & Shusterman,* for appellant.

*Joseph G. Manta,* with him *James M. Marsh,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, December 20, 1971:

Appellant, then seventy-six years of age, suffered personal injuries when she fell while shopping in an establishment operated by appellee. Her testimony was to the effect that a shopping cart containing merchandise was located near a step dividing two levels of the store. As she removed some merchandise from the cart, it started forward, dropping down the step, striking her and knocking her to the floor. She contended that it was negligence to place the cart in that fashion without securing it. Appellee denied negligence and argued that appellant was guilty of contributory negligence.

Appellant suffered a fractured hip in the fall which required surgery for the insertion of an orthopedic nail. Her medical expenses totalled $2,013.49. The jury returned a verdict in her favor for $2,500, and judgment was entered on that verdict after the denial of her post-trial motions seeking a new trial on the grounds of the inadequacy of the verdict. The Superior Court affirmed the judgment of the Court of Common Pleas, with three judges dissenting in two dissenting opinions. We allowed an appeal and reverse.

In her complaint, appellant alleged that she had suffered bruises and contusions of the body in addition to the fractured hip which she suffered. At trial, even though the only evidence of personal injury dealt with the fractured hip, defense counsel attempted to establish that petitioner had been injured in a fall several months earlier and that she had commenced a lawsuit in which she alleged bruises and contusions of the body in addition to a fractured wrist suffered in that fall. At trial the court permitted cross-examination relative to the earlier fall, thereby committing reversible error.

Even if cross-examination concerning the earlier fall was permissible on the basis of the dual allegations of bruises and contusions, a highly doubtful proposition in view of the fact that no evidence of bruises and contusions was introduced in the instant case, the court went too far in allowing cross-examination on the circumstances of the earlier fall. Appellee might have been justified in establishing, if it could, that certain of the injuries complained of in this case resulted from a fall on a prior occasion. Appellee, however, was not justified in cross-examining appellant to determine that the previous occasion involved a fall on steps, the clear purpose being to buttress its defense of contributory negligence. The well-established rule of evidence is that "the commission of the act charged cannot be

proved by showing a like act to have been committed by the same person. . . . Where there is neither connection nor relation between prior acts of negligence and subsequent conduct, evidence of the former is not relevant to prove the latter to be negligence." *Jamison v. Ardes,* 408 Pa. 188, 182 A. 2d 497 (1962), *Commonwealth v. Etzel,* 370 Pa. 253, 86 A. 2d 64 (1952), *Wyatt v. Russell,* 308 Pa. 366, 162 A. 256 (1932).

The improper line of cross-examination clearly tended prejudicially to strengthen appellee's contention that appellant was guilty of contributory negligence and resulted in what appears to be an inadequate verdict. As indicated above, appellant's medical expenses exceeded $2,000. She suffered an impacted subcapital fracture of the right femur, which required the insertion of a Smith-Peterson Nail. She was forced to undergo an extended period of recuperation and although she has fortunately made a good recovery, she does claim some permanent residual effects from the injury, a not unlikely result of such an injury in a person of advanced years. In such circumstances, we conclude that the verdict was unquestionably influenced by the introduction of the inadmissible evidence referred to above and appellant is entitled to a new trial.

The order of the Superior Court and the judgment of the Court of Common Pleas of Philadelphia are reversed with a venire facias de novo.

Mr. Justice POMEROY concurs in the result.

Mr. Justice JONES dissents.

Mr. Chief Justice BELL and Mr. Justice BARBIERI took no part in the consideration or decision of this case.