## Josey v. PennDOT

*Louis B. Loughren,* for plaintiff.
*Frank J. Micale,* for defendant PennDOT.

*H.N. Rosenberg,* for defendant Michael Murgen-ovich.

*Keithley D. Mulvihill,* for proposed additional defendant.

WETTICK, *A.J.,* October 13, 1989 — Johnny Will Josey was killed in an accident while driving his wife's automobile. His wife, individually and as administratrix of the estate, seeks damages under the Pennsylvania Wrongful Death and Survival Acts (42 Pa.C.S. §§8301, 8302) against the driver of the other vehicle and the Department of Transportation of the Commonwealth of Pennsylvania. The other driver filed a counterclaim against the wife alleging that her negligent entrustment of the vehicle to her husband was a cause of the injuries that this other driver sustained.

Subsequently, PennDOT filed a motion to join additional defendant in which it requests that it be permitted to join the wife as an additional defendant on the ground that she was negligent in entrusting her vehicle to her husband who had a lengthy history of driving violations. This motion is the subject of this opinion and order of court.

We will not permit the joinder because the wife can be neither solely nor jointly liable. Even if she were negligent in entrusting her automobile to her husband, she cannot be jointly or solely liable unless her negligence was a proximate cause of the accident. At the most, the wife's negligence was a proximate cause of the accident only to the extent that her husband's negligent operation of the vehicle contributed to the accident. The wife's negligence in permitting the husband to operate the vehicle in no way contributed to the negligence of PennDOT or the other driver. Thus, defendant should not be permitted to join the wife as an

316

additional defendant unless the negligence for which she may be responsible — the husband's negligent operation of the vehicle — does not already operate to reduce or defeat plaintiff's claim.

Under the Pennsylvania comparative negligence law (42 Pa.C.S. §7102), the negligence of the decedent operates to reduce or defeat the claims of the estate to the same extent as if the deceased were the plaintiff. Consequently, the wife cannot be solely liable to the estate because the estate is barred from recovery if the deceased's negligence was the primary cause of the accident. Also, the wife cannot be jointly liable with the other driver and PennDOT because the estate's claim against PennDOT and the other driver will be reduced in proportion to the amount of the deceased's causal negligence where this negligence is not the primary cause of the accident.

PennDOT calls to this court's attention that in this case the other driver has filed a counterclaim for damages that he sustained in this accident. As part of this counterclaim, he has joined the wife as a second defendant on the ground that her negligently entrusting the vehicle to her husband was the cause of the accident. This joinder is permissible because the law permits an injured party to look to any persons whose negligence contributed to the accident.

The current case is analogous to a lawsuit instituted by a corporation against the other driver for damages to a truck which was being operated by a corporate employee. The other driver cannot raise the defense that the corporation was negligent in hiring an unfit driver to operate its truck. The issue is not whether the driver of the truck was a fit or unfit driver but, instead, whether or not the driver operated the truck in a negligent manner during the

incident that is the subject of the lawsuit. *Eastern Express Inc. v. Food Haulers Inc.*, 445 Pa. 432, 285 A.2d 152 (1971); *Levant v. L. Wasserman Co.*, 445 Pa. 380, 284 A.2d 794 (1971); *Loughner v. Schmelzer*, 421 Pa. 283, 218 A.2d 768 (1966); *Jamison v. Ardes*, 408 Pa. 188, 182 A.2d 497 (1962).

In the present case, it does not matter whether the wife should have known that her husband was an unfit driver. The controlling issue is whether or not the husband operated the wife's vehicle in a negligent manner during the incident that is the subject of this lawsuit. If he did not operate the vehicle in a negligent manner, any negligence on the part of the wife in giving him the opportunity to operate the vehicle had nothing to do with the accident. If, on the other hand, he operated the vehicle in a negligent manner, this negligence will operate to defeat or reduce plaintiff's award regardless of whether or not the wife was also negligent in giving him the opportunity to operate the vehicle.

For these reasons, we enter the following

## ORDER OF COURT

On this October 13, 1989, it is hereby ordered that the motion to join additional defendant of the Commonwealth of Pennsylvania, Department of Transportation, is denied.