## Grohotolski License

*Albert P. Leonzi*, for appellant.
*Murray Mackson*, for Secretary of Revenue.

*Opinion*

HEIMBACH, P. J., October 10, 1963.—On August 16, 1963, the above named defendant was advised by the Secretary of Revenue that his operator's license was suspended for a term of one year for the reason that he had been convicted of a misdemeanor "in the commission of which a motor vehicle was used." An appeal was filed on September 23, 1963, as provided by statute, and the matter came on for hearing de novo October 3, 1963.

As we are obliged to do: Commonwealth v. Etzel, 370 Pa. 253, 258 (1952) ; we find the following

*Facts*

1. Appellant drove his motor vehicle to a point approximately one-fourth of a mile from the place where the misdemeanor of fornication was committed.

2. Appellant, together with other male companions, walked such quarter of a mile to a parked car owned by and driven there by one William Smith. Appellant entered into the rear portion of the vehicle and on the rear seat had sexual relations with a female companion of said William Smith.

3. After having had such sexual relations, the defendant returned to his own automobile and returned

to Palmerton, where he resided, a distance of approximately one and one half miles.

4. Appellant was convicted of fornication for said action by a Carbon County jury on June 21, 1963, the record of such proceeding being filed in the Quarter Sessions Court of Carbon County to no. 11 June sessions, 1963.

5. The Secretary of Revenue requested appellant to return his operator's license bearing plate number 5151595 and license number 5062858.

6. Appellant's father, who bears the same name, had issued to him 1963 operator's license bearing such plate and license numbers.

7. Appellant's current operator's license bears plate number 12182956 and license number 4627260.

### Discussion

It is the contention of appellant that the crime for which he was convicted was not a "misdemeanor . . . in the commission of which a motor vehicle or tractor was used," as provided in section 618(a)(2) of the Act of April 29, 1959, P. L. 58, 75 PS §618, as amended.

Judge Shelley of the Dauphin County Courts had occasion to construe sections 618(a)(2) in the case of Olmstead License, 29 D. & C. 2d 50. He wrote, at page 52:

"We have been unable to find any Pennsylvania appellate court decisions relevant to the proper interpretation of section 618 (a) (2) of the Act of April 29, 1959, supra. There is, however, a well reasoned and considered rationale of the problem in an opinion by the appellate court of Virginia on the subject.

"In Lamb vs. Driver, 196 Va. 393, 83 S. E. 2d 741 (1954) it appears that the licensee was convicted of grand larceny of an automobile. The Commissioner of Motor Vehicles of Virginia received notice of the same

and revoked the license under a Virginia statute which provided that such could be done 'upon receipt by the Commissioner of a record of his conviction of ". . . (4) Any crime punishable as a felony under the motor vehicle laws of this state or any other felony in the commission of which a motor vehicle is used." '

"Except for the fact that a felony was involved, the pertinent Virginia statute is, in the words vital to this case, identical to section 618(a)(2) of the Act of 1959, supra, which allows the secretary to suspend 'upon receiving a record of proceedings . . . (2) that such person has been convicted of a misdemeanor . . . in the commission of which a motor vehicle or tractor was used.'

"In the Virginia case, the State contended that the stolen automobile was 'used' in the commission of the felony of grand larceny. The court posed as the controlling question the meaning of the word 'used.' After a complete discussion, the court concluded:

" 'It is apparent that word "used" as employed in subsection (4) of [Act] is colored by its context and that its meaning is influenced by the purpose of the act, which is to remove from the highways those drivers who endanger the public and who operate motor vehicles in the perpetration of serious crimes. In this context it means that the person whose license is sought to be revoked "operated," "drove," or "ran" a motor vehicle in committing a felony.' "

Judge Shelley then continued: "Thus, 'used' in the statute carries the connotation of 'operated.' "

We place the same connotation on the word "used" as does Judge Shelley and hold it means "operated." It is obvious that the vehicle was not used in the commission of the crime of fornication. The fact that he employed an automobile to drive to the vicinity where the intercourse took place is of no significance. He neither

operated, drove or ran a motor vehicle in committing the offense.

For the reasons set forth above, we enter the following

*Order*

And now, October 10, 1963, petitioner's appeal is sustained, and the order of the Secretary of Revenue suspending the license of petitioner for a period of one year is reversed.

Costs on appellant.